## CHARLES T. GRAY *vs.* MILES SIDELINGER.

### Knox. Opinion March 5, 1881.

*Pleadings. Declaration.*

In personal actions the pleadings must allege the time, that is, the day, month, and year, when each traversable fact occurred.

ON EXCEPTIONS to the ruling of the court in overruling the defendant's demurrer.

The opinion states the case.

*H. Bliss, Jr.* for the plaintiff.

There are two counts in the writ; if either are good the demurrer cannot be sustained. *Blanchard* v. *Hoxie*, 34 Maine, 377; *Concord* v. *Delaney*, 56 Maine, 201.

It may have been better practice for the plaintiff to have more elaborately set forth his cause of action, but, as the person and case can be rightly understood, it is sufficient. *Wood* v. *Decoster*, 66 Maine, 544.

*Rice and Hall*, for the defendant.

WALTON, J. This is an action to recover damages for an alleged libel upon the plaintiff. The action is before the law court on demurrer to the plaintiff's declaration. The plaintiff says that the defendant wrote to the commissioner of pensions representing that the plaintiff was not injured in the service of the United States, whereby he was prevented from obtaining a pension; but he has omitted to state when the supposed letter was written, or when it was sent to the commissioner; and this omission is urged as one ground for sustaining the demurrer. "In personal actions," says Mr. Stephen, "the pleadings must allege the time, that is, the day, month, and year, when each traversable fact occurred." Stephen on Pleading, 292. And such is the adjudicated law of this State. *Platt* v. *Jones*, 59 Maine, 232; *Gilmore* v. *Mathews*, 67 Maine, 517. And see 1 Chitty, 257.

*Exceptions sustained.*

APPLETON, C. J., BARROWS, DANFORTH, PETERS and SYMONDS, JJ., concurred.